Citation Nr: 1755096 
Decision Date: 11/30/17 Archive Date: 12/07/17

DOCKET NO. 13-02 745 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Columbia, South Carolina


THE ISSUE

Entitlement to service connection for a ventral hernia.


REPRESENTATION

Veteran represented by: Georgia Department of Veterans Services


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

Erin J. Carroll, Associate Counsel


INTRODUCTION

The Veteran served on active duty from November 1968 to December 1971, from August to October 1984, and from June 2004 to June 2006.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a January 2011 rating decision of the U.S. Department of Veterans' Affairs (VA) Regional Office (RO) in Atlanta, Georgia, which denied entitlement to service connection for a ventral hernia. Jurisdiction has since been transferred to Columbia, South Carolina.

In February 2016, the Veteran testified at a Travel Board hearing before the undersigned Veterans Law Judge. A transcript of the hearing has been associated with the record. 

In April 2016, the Board remanded this matter for further development, to include providing the Veteran with a new VA examination. 

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if further action is required.


REMAND


In its April 2016 remand, the Board directed the RO to obtain a VA medical opinion regarding the Veteran's ventral hernia. The examiner was instructed to specifically comment on whether the Veteran's reports of observing a knot during service would be sufficient to show at least as likely as not the presence of a ventral hernia or its residuals. Although a medical opinion was obtained in May 2016, the examiner did not provide the opinion sought in the Board remand. Thus, a remand for an addendum opinion is necessary. Stegall v. West, 11 Vet. 268, 271 (1998).


Treatment records for the period since May 2017 have not been associated with the record.

Accordingly, the case is REMANDED for the following action:

1. Ask the examiner who provided the May 2016 examination to review the record and provide an addendum opinion regarding the Veteran's ventral hernia.

The examiner must comment on whether the Veteran's report of observing a knot during service would as likely as not show the presence of a ventral hernia or its residuals. 

The examiner must provide reasons for the opinion. If the examiner cannot provide an opinion without resort to speculation, the examiner must explain whether the inability to provide the opinion is based on the limits of the examiner's medical knowledge; the limits of medical knowledge in general; or there is additional information, which if obtained, would permit the needed opinion to be provided.

If the previous examiner is unavailable another medical professional may provide the opinion. If further examination is recommended, this should be arranged.

3. If the benefit sought on appeal is not fully granted, issue a supplemental statement of the case. Then return the case to the Board, if otherwise in order.

The Veteran has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or by the Court for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).




_________________________________________________
Mark D. Hindin
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board is appealable to the Court. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2017).28